**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:16-cv-00409-FDW
(CRIMINAL CASE NO. 3:12-cr-00188-FDW-24)**

| | |
|---|---|
| **MARQUISE DESHAWN WATSON,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | <u>**ORDER**</u> |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255 [CV Doc. 1][1] and the Government's Response by United States to Motion to Vacate, Correct, or Set Aside Conviction and Sentence [CV Doc. 7]. Petitioner is represented by Joshua Carpenter of the Federal Defenders of Western North Carolina.

**I.     BACKGROUND**

On May 16, 2012, Petitioner Marquise Deshawn Watson ("Petitioner") was charged, along with 27 co-defendants, in a Bill of Indictment with one count of participating in a racketeering conspiracy, in violation of 18 U.S.C. § 1962(d) (Count One); one count of conspiracy to distribute and possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 846 (Count Two); one count of illegal use of a communication facility, in violation of 21 U.S.C. § 843(b) (Count Three); one count of Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951, 2 (Count Twenty-Two); one count of using and carrying a firearm during and in relation to the Hobbs Act robbery,

___

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:16-cv-00409-FDW, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:12-cr-00188-FDW-24.

in violation of 18 U.S.C. 924(c) (Count Twenty-Three); one count of conspiracy to commit a Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951, 2 (Count Twenty-Four); and one count of using and carrying a firearm in furtherance of the Hobbs Act conspiracy, in violation of 18 U.S.C. § 924(c) (Count Twenty-Five). [CR Doc. 280: Superseding Indictment].

On February 28, 2013, Petitioner and the Government entered into a Plea Agreement, pursuant to which Petitioner agreed to plead guilty to Counts One, Twenty-Two, Twenty-Four and Twenty-Five. [CR Doc. 352: Plea Agreement at 1]. The Petitioner faced a maximum term of 20 years' imprisonment for Count One, see 18 U.S.C. § 1962(d); a maximum term of 20 years' imprisonment for Count Twenty-Two, see 18 U.S.C. § 1951; a maximum term of 20 years' imprisonment for Country Twenty-Four, see 18 U.S.C. § 1951; and a minimum term of five years to life imprisonment for County Twenty-Five, see 18 U.S.C. § 924(c).

On March 6, 2013, Petitioner pleaded guilty in accordance with the plea agreement. [CR Doc. 370: Acceptance and Entry of Guilty Plea]. In preparation for sentencing, a probation officer prepared a Presentence Report (PSR). In the PSR, the probation officer noted the mandatory 5 years to life consecutive sentence for Petitioner's § 924(c) conviction. [CR Doc. 697 at ¶ 131]. The probation officer found the Total Offense Level to be 25 and the Criminal History Category to be II, yielding a Guidelines Range calling for a term of imprisonment between 63 and 78 months, with the statutory term on Count Twenty-Five to run consecutively. [Id. at ¶¶ 94, 102, 131-32].

The Petitioner was sentenced on January 28, 2014. At the hearing, the Court adopted the probation officer's findings and sentenced Petitioner below the advisory Guideline range to a term of imprisonment of 37 months on each of Counts One, Twenty-Two, and Twenty-Four, to all run concurrently, and a consecutive term of 60 months on Count Twenty-Five, for a total term of 97 months' imprisonment. [CR Doc. 43: Judgment; CR Doc. 794: Statement of Reasons]. Petitioner

did not file a direct appeal from this Judgment.

On June 18, 2016, the Petitioner filed the present motion to vacate sentence under 28 U.S.C. § 2255, arguing that his conviction under 18 U.S.C. § 924(c) is invalid under Johnson v. United States, 135 S. Ct. 2551 (2015). [CV Doc. 1]. Upon the request of the Government, this matter was stayed pending the Fourth Circuit's decision in United States v. Ali, No. 15-4433, or United States v. Simms, No. 15-4640. The Fourth Circuit then ordered that Ali would be held in abeyance pending the Supreme Court's decision in United States v. Davis, No. 18-431. On the Government's request, this matter was in turn stayed pending Davis. [CV Doc. 5]. The Supreme Court decided Davis on June 24, 2019. The Government timely filed its response motion and moved to dismiss Petitioner's § 2255 motion to vacate. [CV Doc. 7]. The Petitioner responded to the Government's motion to dismiss. [Doc. 8]

Having been fully briefed, this matter is ripe for disposition.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

In Johnson, the Supreme Court struck down the Armed Career Criminal Act's (ACCA) residual clause, 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague and held that enhancing a sentence under the ACCA's residual clause violates due process. Johnson, 135 S. Ct. at 2563.

The ACCA residual clause defined a "violent felony" to include any crime punishable by a term of imprisonment exceeding one year that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). Accordingly, under Johnson, a defendant who was sentenced to a statutory mandatory minimum term of imprisonment based on a prior conviction that satisfies only the residual clause of the "violent felony" definition is entitled to relief from his sentence. The Supreme Court has held that Johnson applies retroactively to claims asserted on collateral review. Welch v. United States, 136 S. Ct. 1257, 1265 (2016).

Here, in his Section 2255 Motion to Vacate, the Petitioner argues his § 924(c) conviction is invalid under Johnson. [Doc. 1 at 1]. Section 924(c) criminalizes the use of a firearm in furtherance of a "crime of violence." Under § 924(c), a crime is one of violence if it either "has an element the use, attempted use, or threatened use of physical force against the person or property of another," (the "force clause") or "by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the "residual clause"). 18 U.S.C. § 924(c)(3)(B).

In short, the Petitioner argues that because § 924(c)'s residual clause "is functionally indistinguishable from the ACCA' residual clause," which was found to be unconstitutionally vague, the predicate conviction in Petitioner's criminal proceedings, Hobbs Act conspiracy, can qualify as a § 924(c) "crime of violence" only under the force clause. [Doc. 1 at 3-4]. Three years after the Petitioner filed his original Section 2255 motion, the Supreme Court decided United States v. Davis, 139 S. Ct. 2319 (2019). In Davis, the Supreme Court specifically held the residual clause of § 924(c)'s definition of "crime of violence" is "unconstitutionally vague." 139 S. Ct. at 2336. As such, the Court need not extrapolate from Johnson in order to hold that Petitioner's

conviction on Count Twenty-Five is valid only if Hobbs Act conspiracy qualifies as a "crime of violence" under § 924(c)'s force clause. The Supreme Court's decision in <u>Davis</u> directly yields this result. The instant case, therefore, turns on whether Hobbs Act conspiracy qualifies as a crime of violence under § 924(c)'s force clause. The Fourth Circuit squarely addressed this issue in <u>United States v. Simms</u>, 914 F.3d 229 (4th Cir. 2019), concluding that Hobbs Act conspiracy does not categorically qualify as a crime of violence under the force clause. 914 F.3d at 233-34. As such, Petitioner's conviction under 18 U.S.C. § 924(c) is no longer valid and the Court must vacate it under Section 2255.

The Government argues that procedural default and waiver bar Petitioner's challenge to his conviction. [CV Doc. 7 at 5-10]. Petitioner's challenge, to the extent it would be barred by either waiver or procedural default, survives because he has shown he is actually innocent of the count of conviction. The Fourth Circuit has made clear that:

> [It] will refuse to enforce an otherwise valid waiver if to do so would result in a miscarriage of justice. <u>United States v. Johnson</u>, 410 F.3d 137, 151 (4th Cir. 2005). "A proper showing of 'actual innocence' is sufficient to satisfy the 'miscarriage of justice' requirement." <u>Wolfe v. Johnson</u>, 565 F.3d 140, 160 (4th Cir. 2009) (explaining the meaning of "miscarriage of justice" in the context of procedural default). Such a showing renders the claim outside the scope of the waiver. Thus, if we determine that [petitioner] has made a cognizable claim of actual innocence, [petitioner's] § 2255 motion falls outside the scope of his waiver.

<u>United States v. Adams</u>, 814 F.3d 178, 182 (4th Cir. 2016). "'This rule, or fundamental miscarriage of justice exception, is grounded in the "equitable discretion" of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons.'" <u>McQuiggin v. Perkins</u>, 569 U.S. 383, 392, 133 S.Ct. 1924, 1931 (2013) (quoting <u>Herrera v. Collins</u>, 506 U.S. 390, 404, 113 S.Ct. 853 (1993)). A petitioner can show actual innocence where an intervening change in the law establishes that a petitioner has been "convicted for conduct not

prohibited by law." Alaimalo v. United States, 645 F.3d 1042, 1047 (9th Cir. 2011); see also Adams, 814 F.3d at 183 (petitioner was actually innocent of his felon-in-possession conviction because intervening Fourth Circuit precedent established that he was no longer a felon).

In the instant case, a change in intervening law made it impossible for the government to prove one of the required elements of Petitioner's § 924(c) count of conviction, namely that his firearm was possessed in furtherance of a "crime of violence." The Government argues that, even if Petitioner is actually innocent of the § 924(c) count of conviction, the showing of actual innocence must also extend to more serious or equally serious charges the United States forewent in exchange for Petitioner's guilty plea under Bousley v. United States, 523 U.S. 614, 118 S. Ct. 1604 (1998). [CV Doc. 7 at 9]. In Bousley, the Supreme Court ordered remand to allow a § 2255 petitioner to attempt to show actual innocence of the crime of "using" a firearm in relation to a drug trafficking crime. The petitioner had pleaded guilty to this offense and then, five years later, the Supreme Court held in Bailey v. United States, 516 U.S. 137, 144, 116 S.Ct. 501 (1995), that § 924(c)(1)'s "use" prong requires the Government to show "active employment of the firearm," not its mere possession. Bousley, 523 U.S. at 614 (citing Bailey, 516 U.S. at 143-44). In allowing remand, the Supreme Court stated:

> In cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges.
>
> In this case, the Government maintains that petitioner must demonstrate, that he is actually innocent of both "using" and "carrying" a firearm in violation of § 924(c)(1). But petitioner's indictment charged him only with "using" firearms in violation of § 924(c)(1). And there is no record evidence that the Government elected not to charge petitioner with "carrying" a firearm in exchange for his plea of guilty. Accordingly, petitioner need demonstrate no more than that he did not "use" a firearm as that term is defined in Bailey.

Bousley, 523 U.S. at 624.

Here, the Government contends that, "[t]he record, including [Petitioner's] own admissions, establishes that he completed a substantive Hobbs Act robbery and that he used and discharged a gun in furtherance of that offense." [Id. at 9-10]. The Government "declined to pursue [Petitioner's] 924(c) charge based on a substantive Hobbs Act robbery because [Petitioner] agreed to plead guilty to his conspiracy-based charge and waive his right to challenge that charge in the future." [Id.]. While all of that appears true, Bousley cannot be read so expansively as to require the Petitioner to prove actual innocence of the dismissed charges. The Fourth Circuit has considered Bousley in this context in United States v. Adams, 814 F.3d 178 (4th Cir. 2016). In Adams, the defendant was charged in an eight-count indictment alleging that he committed a series of armed robberies of convenience stores. 814 F.3d at 180. He pleaded guilty pursuant to written plea agreement to three of the eight counts: (1) robbery in violation of 18 U.S.C. § 1951 (count two); (2) using and carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) (count three); and (3) being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) (count eight). Id. "In exchange for the concessions made by [the defendant] in the plea agreement, the government agreed to dismiss the remaining five counts of the indictment relating to other armed robberies." Id. (emphasis added). The Fourth Circuit recognized Bousley's additional requirement that, "in cases where the Government has foregone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." Adams, 814 F.3d at 183. In rejecting the government's argument that Bousley required the petitioner to show that he is also factually innocent of the charges contained in the five dismissed counts of the indictment, the Fourth Circuit reasoned as follows:

> The Supreme Court concerned itself with whether Bousley's conduct violated § 924(c), a statute criminalizing using, carrying, or

7

> possessing a firearm in relation to any crime of violence or drug trafficking crime. All of the Supreme Court's analysis related to what Bousley had to show to prove actual innocence of his § 924(c) crime of conviction. In other words, the Court focused <u>one instance of criminal conduct</u>, whether Bousley violated § 924(c) by using, carrying, or possessing a firearm.

<u>Id.</u> at 184. Accordingly, under <u>Adams</u>, this Court may not require the Petitioner to show actual innocence of other dismissed charges related to a different robbery.

In sum, the Petitioner has made the requisite showing of actual innocence. The Court will, therefore, grant his § 2255 motion and vacate his § 924(c) conviction.

The Court also notes that this Order necessarily frustrates the purpose of the parties' plea agreement, to which the Government agreed in exchange for Petitioner's guilty plea on the § 924(c) charge. <u>United States v. Green</u>, 139 F.3d 1002, 1005 (4th Cir. 1998). The Government, therefore, is relieved of its obligations thereunder. <u>Id.</u> (citation omitted).

## IV. CONCLUSION

Having concluded that Petitioner's conviction under § 924(c) for the use of a firearm in furtherance of a crime of violence is unconstitutional, the Court will grant Petitioner's Section 2255 Motion to Vacate, Set Aside, or Correct Sentence. [Doc. 1]. The Court will further order that Petitioner's conviction under § 924(c) be vacated, that Petitioner be resentenced, and that the Government is relieved of its obligations under the plea agreement in this case.

**IT IS, THEREFORE, ORDERED** that:

(1) Petitioner's Section 2255 Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] is **GRANTED** and Petitioner's conviction under § 924(c) is hereby **VACATED**.

(2) The Government is relieved of its obligations under the plea agreement in this case.

(3) The Petitioner shall be resentenced on the remaining counts on which he was convicted. The Clerk is respectfully instructed to schedule a hearing for Petitioner's resentencing

within sixty (60) days of this Order.

(4) The Clerk is also respectfully instructed to provide copies of this Order to the U.S. Bureau of Prisons, U.S. Marshal Service, and the U.S. Probation and Pretrial Services Office.

Signed: September 25, 2019

Frank D. Whitney
Chief United States District Judge